**Stephen DIBBS, Counter–Defendant,**

v.

**Paul A. ROLDAN, New York State Division of Housing & Community Renewal, John Mulholland, New York State Division of Housing & Commu-**

382

nity Renewal, New York State Division of Housing and Community, Dennis Ryan, Commissioner, Various Unspecified Building Inspectors, Jerilyn Perine, Commissioner of New York City Department of Buildings, Patricia Lancaster, Commissioner of New York City Department of Buildings, Kenneth Podziba, Commissioner of New York City Board of Standards and Appeals, Lawrence Pinner, Landlord's Architect, Joan Lobis, New York Supreme Court Judge, Carol Huff, New York Supreme Court Judge, Eileen Bransten, New York Supreme Court Judge, Defendants–Appellees,

Ten Be Or Not Ten Be, Inc.,
Tim Greenfield–Sanders,
Counter–Claimants,

Stephen Dibbs, Counter–Defendant.

No. 05–6807–cv.

United States Court of Appeals,
Second Circuit.

Dec. 21, 2007.

Stephen Dibbs, pro se, New York, N.Y., for Appellant.

Cecelia Chang, Assistant Solicitor General, for Andrew M. Cuomo, Attorney General of the State of New York (Barbara D. Underwood & Benjamin N. Gutman, of counsel), New York, N.Y. Dona B. Morris, Assistant Corporation Counsel for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y., for Appellees.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER, and Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Stephen Dibbs appeals from a judgment of the United States District Court for the Southern District of New York entered on October 6, 2005. Judge Sprizzo dismissed Dibbs's complaint in its entirety for failure to state a claim upon which relief could be granted against any of the defendants.

We affirm, substantially for the reasons stated in the thorough and well-reasoned opinion of the court below. Insofar as the decision of the Supreme Court in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), may have raised new questions with respect to the applicability of the *Rooker–Feldman* doctrine to Dibbs's takings claim, the district court's conclusion is, in any case, fully supported by New York preclusion law. *See Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 94 (2d Cir.2005).

The judgment of the district court is AFFIRMED. Defendant–Appellee Pinner's motion to withdraw from the appeal is DISMISSED AS MOOT.